**Awoke GEBRETSADIKE, Appellant**

v.

**TRAVELERS HOME AND MARINE INSURANCE COMPANY, improperly identified as Travelers Insurance Company, Appellee**

**No. 16–7126
September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 26, 2017

Rehearing En Banc Denied August 10, 2017

Awoke Gebretsadike, Washington, DC, pro se.

Kathryn Elizabeth Kasper, John B. Mumford, Hancock, Daniel, Johnson & Nagle, PC, Glen Allen, VA, for Appellee.

BEFORE: Griffith, Srinivasan, and Pillard, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the district court in favor of appellee, entered on September 22, 2016, be affirmed.

The district court correctly granted summary judgment for appellee on the claim that appellee violated the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28–3904. The record indicates that appellee sent appellant copies of his policy documents on the date the policy was issued, and there is nothing in the record to indicate that those copies were incomplete, or that appellee was made aware of any deficiencies in the copies. Insofar as appellant alleges that the documents were not understandable, he has not demonstrated that appellee intentionally misled him or misrepresented the nature of his insurance policy. See D.C. Code § 28–3904. On the contrary, the record indicates that appellee engaged in extensive communications with appellant to ensure that appellant understood his policy.

The district court also correctly granted summary judgment for appellee on appellant's breach of contract claim. Pursuant to appellant's policy agreement, he was required to cooperate with appellee by enabling appellee to access his medical reports and other records. Apart from records produced during discovery, for which the district court has ordered reimbursement, appellant has not provided any

medical records or contact information for medical providers, and as a result appellee was unable to reasonably determine the extent of his reimbursable medical expenses. Appellee therefore did not breach the policy agreement by failing to reimburse him for medical expenses. Furthermore, District of Columbia law prohibits claimants from simultaneously pursuing both personal injury protection and bodily injury claims except where certain enumerated exceptions apply. D.C. Code § 31–2405(b). Insofar as appellant attempts to invoke the exception for claimants whose "work loss ... exceeds the amount of personal injury protection benefits available," D.C. Code § 31–2405(b)(2), there is nothing in the record to indicate that appellant qualified for this exception. Appellee therefore did not breach the policy agreement by declining to allow appellant to pursue simultaneous claims.

Finally, the district court correctly concluded that District of Columbia law does not recognize a tort claim for bad faith in the context of a contractual relationship. Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080, 1089 (D.C. 2008). Insofar as appellant intended to raise such a tort claim in his complaint, the district court correctly dismissed it for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). To the extent that claim could also have been construed as a contract law claim for breach of the implied covenant of good faith and fair dealing, there is nothing in the record to indicate that appellee acted in "bad faith" or engaged in "conduct that is arbitrary and capricious" in its dealings with appellant. See Wright v. Howard University, 60 A.3d 749, 754 (D.C. 2013) ("To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege either bad faith or conduct that is arbitrary and capricious.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.